UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN JOSUE LUCARIO
ISIDRO,

           Petitioner,

v.                                                                                  Case No. 3:26-cv-1163-MMH-SJH

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT, et
al.,

           Respondents.

_____

## **ORDER**

Petitioner Jonathan Josue Lucario Isidro, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1; Petition), filed May 6, 2026. See generally Petition. Isidro is a citizen of Mexico who entered the United States without inspection in August 2003. Id. at 4. On April 24, 2026, he was arrested for driving without a valid driver's license. Id. Although the case is still pending, Isidro posted bond and was transferred into custody of United States Immigration and Customs Enforcement (ICE). Id. Isidro raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 9–12.

Respondent Warden filed Respondent Warden, Florida Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 5; Motion), arguing he is not a proper respondent in this case. See generally Motion. The Federal Respondents filed Federal Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 6; Response) asserting that they are now detaining Isidro under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 1, 3. They also contend that this case is not ripe for review because Isidro failed to seek a bond hearing in an immigration court before initiating this action. Id. at 4. Isidro filed Petitioner's Reply in Support of Petition for Writ of Habeas Corpus (Doc. 7; Reply). See generally Reply. He asks the Court to direct his immediate release from custody. Id. at 2.

When Isidro was detained in April 2026, Petition at 4, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of

2

immigration detention that Congress preserved in the Immigration and Nationality Act).[1] Accordingly, it is

**ORDERED**:

1.     Isidro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Isidro an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release

---

[1] Insofar as the Federal Respondents argue that Isidro failed to exhaust his administrative remedies prior to filing this case, the Court rejects that argument. See Response at 4. At the time Isidro filed this case, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals (BIA) had conclusively determined that immigration judges had no authority to consider bond requests from noncitizens like Isidro. See In re Yajure Hurtado, 29 I. & N. Dec. 216, 220–28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Isidro to pursue administrative remedies before the Petition was filed would have been futile. McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); see, e.g., Fonseca v. Ripa, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under Matter of Yajure Hurtado, any prudential exhaustion requirements are excused for futility.").

[2] Because the Court finds that Isidro is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Isidro, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden's Motion to Dismiss (Doc. 5) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2026.

_____
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

4